

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 3, 1994

Honorable Ken Armbrister
Chair
Committee on Intergovernmental Relations
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-280

Re: Whether Senate Bill 522, Acts 1993, 73d Leg., ch. 774, which sets forth certain exceptions to the definition of the term "gambling device," conflicts with provisions of Senate Bill 1067, Acts 1993, 73d Leg., ch. 900, defining that term (RQ-609)

Dear Senator Armbrister:

You ask whether Senate Bill 522, setting forth certain exceptions to the definition of the term "gambling device," conflicts with provisions of Senate Bill 1067 defining that term. The legislature recently enacted Senate Bill 1067, which significantly revises the Penal Code. *See* Acts 1993, 73d Leg., ch. 900. Senate Bill 1067 amends the definition of the term "gambling device" in section 47.01 of the Penal Code as follows:

> "Gambling device" means any contrivance that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined *solely or partially* by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance.

*Id.* § 1.01 (italics indicate new language). This provision will become effective September 1, 1994. *Id.* § 1.19. It was enacted by the legislature on May 29, 1993. H.J. of Tex., 73d Leg., at 5164 (1993).

Senate Bill 522 amends the section 47.01 definition of the term "gambling device" as follows:

> (3) "Gambling device" means any *electronic, electromechanical, or mechanical* contrivance *not excluded under Paragraph (B) of this subdivision* that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined *solely or partially* by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance. *Gambling device*:
>
> (A) *includes, but is not limited to, gambling device versions of bingo, keno, blackjack, lottery, roulette, video poker, or*

> *similar electronic, electromechanical, or mechanical games, or facsimiles thereof, which operate by chance or partially so, which as a result of the play or operation of the game award credits or free games, which record the number of free games or credits so awarded, and which also record the cancellation or removal of the free games or credits; and*
>
> (B) *does not include any electronic, electromechanical, or mechanical contrivance designed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with noncash merchandise prizes, toys, or novelties or representation of value redeemable for those items which have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less.*

Acts 1993, 73d Leg., ch. 774, § 1 (italics indicate new language). Senate Bill 522 also amends section 47.02 of the Penal Code by adding the following provision:

> It is a defense to prosecution under this section that a person played for something of value other than money using an electronic, electromechanical, or mechanical contrivance which is excluded from the definition of gambling device under section 47.01(3)(B).

*Id.* § 2. These provisions were enacted by the legislature on May 31, 1993, *see* S.J. of Tex., 73d Leg., at 4118 (1993), and have an effective date of August 30, 1993, *see* Acts 1993, 73d Leg., ch. 774, § 4, at 3030.

The Code Construction Act provides in pertinent part that

> if amendments to the same statute are enacted at the same session of the legislature, *one amendment without reference to another*, the amendments shall be harmonized, if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails.

Gov't Code § 311.025(b) (emphasis added). Were we to conclude that the Senate Bill 522 and Senate Bill 1067 definitions of the term "gambling device" conflict irreconcilably, the bill with the latest enactment date, Senate Bill 522, would prevail. We do not believe that it is appropriate to apply the Code Construction Act's rule of construction in this instance, however, because Senate Bill 1067 makes express reference to other acts amending the Penal Code in the same session, and establishes a guide for their construction. *See* Attorney General Opinion DM-234 (1993) at 4 (Code Construction Act, Gov't Code § 311.025(b), does not apply where the legislature has "clearly expressed its intent with

regard to the proper course should a provision of that law and another law adopted in the same session conflict"). Section 13.02 of Senate Bill 1067 provides in pertinent part:

> (a) . . . an amendment to any provision of the Penal Code made by another Act of the 73rd Legislature, Regular Session, 1993, . . . applies only to an offense committed under the provision on or after the effective date of the other Act and before September 1, 1994. The amendment made by the other Act continues in effect only for the limited purpose of the prosecution of an offense committed before September 1, 1994.

> (b) For purposes of this section, an offense is committed before September 1, 1994, if all elements of the offense occur before that date.

Acts 1993, 73d Leg., ch. 900, § 13.02(a), (b).

Under section 13.02 of Senate Bill 1067, the definition of the term "gambling device" set forth in Senate Bill 522 applies only to an offense committed on or after August 30, 1993, and before September 1, 1994. After September 1, 1994, Senate Bill 522 continues in effect only for the limited purpose of prosecuting offenses committed before that date.[1] The definition of the term "gambling device" set forth in Senate Bill 1067 will be effective on September 1, 1994, and will apply to all prosecutions after that date, except for prosecutions of offenses committed before that date. Under section 13.02, an offense is committed before September 1, 1994, if all elements of the offense occur before that date.

---

[1] The defense to prosecution set forth in Senate Bill 522 will have the same limited effective dates.

## S U M M A R Y

The definition of the term "gambling device" set forth in Senate Bill 522, Acts 1993, 73d Leg., ch. 774, § 1, applies only to an offense committed on or after August 30, 1993, and before September 1, 1994. After September 1, 1994, Senate Bill 522 continues in effect only for the limited purpose of prosecuting offenses committed before that date. The definition of the term "gambling device" set forth in Senate Bill 1067, Acts 1993, 73d Leg., ch. 900, § 1.01, will be effective on September 1, 1994, and will apply to all prosecutions after that date, except for prosecutions of offenses committed before that date.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General